FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PABLO ORTEGA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　　　Defendant. | No. 2:17-cv-00042-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 15, 16 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion (ECF No. 15) and denies Defendant's motion (ECF No. 16).

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

ORDER - 2

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

1 Commissioner must find that the claimant is not disabled. 20 C.F.R. §§
2 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other
3 work, analysis concludes with a finding that the claimant is disabled and is
4 therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.
*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to
step five, the burden shifts to the Commissioner to establish that (1) the claimant is
capable of performing other work; and (2) such work "exists in significant
numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2);
*Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income benefits on June 17, 2013, Tr. 191-98, alleging an amended onset date of April 15, 2013. Tr. 46. The applications were denied initially, Tr. 134-41, and on reconsideration, Tr. 132-55. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on May 15, 2015. Tr. 42-85. On October 28, 2015, the ALJ denied Plaintiff's claim. Tr. 17-37.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 15, 2013. Tr. 22. At step two, the ALJ found Plaintiff has the following severe impairments: degenerative

ORDER - 6

disc disease of the thoracic and lumbar spine, obesity, left shoulder impingement syndrome, sleep apnea, restless leg syndrome, and hypertension. *Id.* At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 23. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [T]he claimant can lift up to 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk for up to one hour each at one time; sit for a total of four hours in an eight-hour workday; and stand and walk for a total of four hours in an eight-hour workday. The claimant can occasionally climb ramps or stairs, stoop, kneel, crouch, or twist but can never crawl or climb ladders, ropes, or scaffolds. The claimant is limited to overhead reaching with the left, non-dominant upper extremity on an occasional basis. In addition, the claimant should avoid concentrated exposure to vibration; irritants such as fumes, odors, dusts, gases, etc.; and should avoid unprotected heights, and hazardous machinery.

Tr. 24.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 30. At step five, after considering the testimony of a vocational expert, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as production assembler, garment sorter, and packing line worker. Tr. 31-32. Thus, the ALJ concluded Plaintiff has not been under a disability since April 15, 2013, the alleged onset date. Tr. 32.

On December 6, 2016, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly identified Plaintiff's severe impairments at step two;

2. Whether the ALJ properly considered listed impairment 1.04A at step three;

3. Whether the ALJ properly evaluated the medical opinion evidence;

4. Whether the ALJ properly evaluated Plaintiff's symptom complaints; and

5. Whether the ALJ's step five analysis was supported by substantial evidence.

ECF No. 15 at 7-20.

ORDER - 8

## DISCUSSION

**A. Step Two**

Plaintiff faults the ALJ for failing to identify the following as severe impairments at step two: acromioclavicular arthritis, with tenderness over the AC joint bilaterally; chronic left wrist pain; lumbar radiculopathy, with numbness and tingling in lower extremities; GERD; atherosclerosis; dyslipidemia; and hypertriglyceridemia with associated chest pain. ECF No. 15 at 11-12. ECF No. 15 at 11-12. At step two of the sequential process, the ALJ must determine whether claimant suffers from a "severe" impairment, i.e., one that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).

An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work…." S.S.R. 85-28 at *3. Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities; which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a

ORDER - 9

routine work setting. 20 C.F.R. §§ 404.1521 (2015), 416.921(a) (2010);[1] S.S.R. 85-28.

Although the conditions Plaintiff challenges are supported by diagnoses in the record, a diagnosis alone does not establish the existence of a severe impairment. *See Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985); 20 C.F.R. §§ 404.1521, 416.921 (2010). Plaintiff fails to identify how any of these diagnoses impacted his physical or mental ability to do basic work activities. ECF No. 15 at 11-12. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki*, 556 U.S. at 409.

Moreover, even if the ALJ should have determined that additional severe impairments existed, any error would be harmless because the step was resolved in Plaintiff's favor. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). Plaintiff

---

[1] As of March 27, 2017, 20 C.F.R. §§ 416.921 and 416.922 were amended. The Court applies the version that was in effect at the time of the ALJ's decision.

ORDER - 10

has made no showing that any of the conditions mentioned created limitations not accounted for in the RFC. Thus, the ALJ's step two finding is legally sufficient.

**B. Step Three – Listing 1.04A**

Plaintiff faults the ALJ for failing to find Plaintiff's condition meets Listing 1.04A, disorders of the spine. ECF No. 15 at 12-13; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1.

At step three, the ALJ must determine if a claimant's impairments meet or equal a listed impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The Listing of Impairments "describes each of the major body systems impairments [which are considered] severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience." 20 C.F.R. §§ 404.1525, 416.925. To meet a listed impairment, a claimant must establish that he meets each characteristic of a listed impairment relevant to his claim. 20 C.F.R. § 404.1525(d), 416.925(d). If a claimant meets the listed criteria for disability, he will be found to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The claimant bears the burden of establishing he meets a listing. *Burch*, 400 F.3d at 683.

In order to meet Listing § 1.04A, a claimant must establish: (1) evidence of nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitations of motion of the spine; (3) motor loss ("atrophy with associated muscle

ORDER - 11

weakness or muscle weakness") accompanied by sensory or reflex loss, and (4) if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). *Gnibus v. Berryhill*, 2017 WL 977594, at *4 (E. D. Cal. March 13, 2017) (finding Listing 1.04A was met) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.")). Further, Plaintiff must establish the impairment satisfies the 12-month durational requirement. *Id.* at *7 (internal citations omitted); *see also Stewart v. Colvin*, 674 F.App'x 634, 635 (9th Cir. 2017) (Plaintiff failed to carry his burden of establishing that he met all of the criteria for Listing 1.04A).

Here, the ALJ found evidence of positive straight leg raising, but also observed Plaintiff maintained normal gait, equal muscle strength bilaterally, and showed no evidence of atrophy. Tr. 23. The ALJ also found no evidence of spinal arachnoiditis or lumbar spinal stenosis resulting in pseudoclaudication. Tr. 24. The ALJ also relied on the testimony of Dr. Thompson, a spinal surgeon, who testified at the hearing that Plaintiff did not meet Listing 1.04A. Tr. 51-52, 59. The ALJ gave Dr. Thompson's opinions significant weight, and Plaintiff does not challenge this finding. Tr. 29; ECF No. 15 at 7-20. The record as a whole supports the ALJ's conclusion that Plaintiff does not meet Listing 1.04A. *See* Tr.

395 (normal gait, muscle strength equal bilaterally, no evidence of atrophy); Tr. 438 (normal muscle bulk, normal overall muscle tone, 5/5 strength throughout); Tr. 439 (no definite nerve impingement); Tr. 444 (normal gait, muscle strength equal bilaterally, no evidence of atrophy); Tr. 525 (normal gait, stance, balance, and motor exam); Tr. 526 (normal nerve conduction study).

Plaintiff challenges the ALJ's finding regarding Listing 1.04A, contending that the record showed nerve root compression (citing Tr. 404-05); evidence of neuroanatomic distribution of pain (citing Tr. 437, 462, 479, 523-27); limitations in the motion of his spine (citing Tr. 462, 564); motor loss with reflex loss (citing Tr. 525); and positive straight-leg tests (citing Tr. 392, 427, 450). ECF No. 15 at 12-13. The evidence Plaintiff identifies does not undermine the ALJ's finding. For example, the third prong of Listing 1.04A requires showing motor loss accompanied by sensory or reflex loss. Although Plaintiff's cited medical evidence showing reflex loss, it fails to show motor loss. Tr. 525 (abnormal reflexes, normal motor exam). Moreover, Plaintiff provides no evidence of nerve root compromise. Plaintiff cites to imaging at Tr. 404-05, but the findings of this imaging do not discuss nerve root compromise. Additionally, Dr. Thompson specifically considered this imaging at the hearing and testified that Plaintiff did not meet listing 1.04A. Tr. 52. The ALJ's finding that the evidence does not meet Listing 1.04A is supported by substantial evidence.

ORDER - 13

**C. Medical Opinion Evidence**

Plaintiff contends the ALJ improperly weighed the medical opinions of Plaintiff's treating physician, Randel Bunch, M.D. ECF No. 15 at 10-11. There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

ORDER - 14

(9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater,* 81 F.3d 821, 830-831 (9th Cir. 1995)).

On April 18, 2013, Dr. Bunch opined that Plaintiff's chronic low back pain caused moderate limitations in lifting, carrying, pushing, pulling, stooping, and crouching; that Plaintiff's left shoulder impingement caused moderate limitations in lifting, carrying, handling, pushing, pulling, and reaching; that Plaintiff was limited to sedentary work, defined as being able to lift ten pounds maximum and able to walk or stand only for brief periods of time; and that Plaintiff's limitations would last for 99 months. Tr. 313-15. The ALJ assigned great weight to Dr. Bunch's opinions about moderate limitations in work related activities. While acknowledging Dr. Bunch is Plaintiff's primary care provider, the ALJ assigned little weight to Dr. Bunch's opinion that Plaintiff was limited to sedentary work. Tr. 30. Because Dr. Bunch's opinion was contradicted by Dr. Thomson, Tr. 52-53, 567, and Dr. Bernardez-Fu, Tr. 126, the ALJ was required to identify specific and legitimate reasons supported by substantial evidence to discredit Dr. Bunch's opinion. *Bayliss*, 427 F.3d at 1216.

First, the ALJ rejected Dr. Bunch's limitation to sedentary work because she found Dr. Bunch's opinion to be internally inconsistent. Tr. 30. It is well-established that a medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray*, 554 F. 3d at 1228. The ALJ concluded that Dr. Bunch's opinion that Plaintiff was limited to sedentary work "is internally inconsistent with Dr. Bunch's opinion that [Plaintiff's] chronic low back pain and left shoulder impingement is of only moderate severity, as opposed to marked or severe severity." Tr. 30.

"The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal citations omitted). Here, the ALJ found that Dr. Bunch's limitation to sedentary work, which is defined as maximum ability to lift 10 pounds and able to walk or stand only for brief periods, was inconsistent with Dr. Bunch's findings of moderate limitations, as opposed to marked or severe limitations, in eight basic work-related activities. Tr. 30. Specifically, Dr. Bunch concluded that Plaintiff's chronic low back pain and left shoulder impingement would cause moderate, defined as "significant interference with the ability to perform one or more basic work-related activities," limitations in Plaintiff's ability to lift, carry, handle, push, pull, reach, stoop, and crouch. Tr. 314. Here, the ALJ failed to set forth her interpretation of the

evidence and explain how moderate limitations in eight basic work activities is inconsistent with an assessment of a sedentary work level.

Next, the ALJ found that Dr. Bunch recommended Plaintiff pursue conservative treatment. Tr. 30. An ALJ may give less weight to a medical opinion that recommends conservative treatment. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *see also Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (treating pain with over-the-counter medication is conservative treatment); *Garrison*, 759 F.3d at 1015 (casting doubt on characterizing epidural injections and physical therapy as "conservative treatment"). "Any evaluation of the aggressiveness of a treatment regimen must take into account the condition being treated." *Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017). Here, the ALJ found that prescribing physical therapy, a referral for orthopedic evaluation and treatment for Plaintiff's shoulder, and a pain management plan was conservative treatment. Tr. 30. The ALJ failed to explain how Dr. Bunch's referral of Plaintiff to a specialist for further, more specialized treatment supported the ALJ's finding of conservative treatment. *Id.* This was not a specific and legitimate reason to discredit Dr. Bunch's opinion. The ALJ erred in her analysis of Dr. Bunch's opinion, and is instructed to reconsider the medical opinion evidence on remand.

### D. Other Assignments of Error

Plaintiff also challenges the ALJ's consideration of Plaintiff's symptom testimony, the ALJ's conclusions at step five, and whether the ALJ's conclusion is supported by substantial evidence in light of new evidence supported to the Appeals Council. ECF No. 15 at 13-19. Because the analysis of these questions is dependent on the ALJ's evaluation of the medical evidence, which the ALJ is instructed to reconsider on remand, the Court declines to address these challenges here. On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the medical opinion evidence. Additionally, the ALJ is instructed to consider the new evidence submitted to the Appeals Council, which became part of the administrative record when the Appeals Council considered the new evidence in denying Plaintiff's request for review of the ALJ's decision. *Brewes v. Comm'r, of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

### E. Remand

Plaintiff urges the Court to remand for immediate award of benefits. ECF No. 15 at 19. To do so, the Court must find that the record has been fully developed and further administrative proceedings would not be useful. *Garrison*, 759 F.3d at 1019-20; *Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ

ORDER - 18

would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Even if the ALJ were to fully credit Dr. Bunch, the medical evidence would still present outstanding conflicts for the ALJ to resolve. Specifically, Dr. Bunch opined Plaintiff was limited to sedentary work, Tr. 315. However, the ALJ also credited the opinions of Dr. Bernardez-Fu and Dr. Thompson, both of whom opined Plaintiff was capable of light work with additional limitations. 20 C.F.R. §§ 404.1567(b), 416.967(b); *see* Tr. 52, 126. Therefore, further proceedings are necessary for the ALJ to properly weigh the medical opinion evidence in the record and conduct a new sequential evaluation accordingly.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and not free of harmful legal error. **IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 15) is **GRANTED.**

2. Defendant's motion for summary judgment (ECF No. 16) is **DENIED.**

3. Application for attorney fees may be filed by separate motion.

ORDER - 19

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR PLAINTIFF**, provide copies to counsel, and **CLOSE** the file.

DATED this March 28, 2018.

s/<em>Mary K. Dimke</em><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 20